UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darien Randle,<br><br>    Plaintiff,<br><br>vs.<br><br>Ramsey County; Ramsey County Adult Detention Center; and Fletcher Bob, Tester Michael, Rulli Antonio, Lewis Micah, Krunkel Thomas, Allbee Jeff, Stoltz Peter, Frerichs Dan, Lockett Thaddeus, Johnson Andrew, Muellner Chris, Delrosario Shaun M, Paul Richard. Mckinney Joseph, Walker Jessica, Baskfield Rita, and Doe John, all in their individual and official capacities,<br><br>    Defendants. | Court File No.<br>0:23-cv-1491-JWB-DJF<br><br>**FIRST AMENDED COMPLAINT<br>WITH JURY DEMAND**<br><br>RECEIVED<br>SEP 22 2023<br>CLERK, U.S. DISTRICT COURT<br>MINNEAPOLIS, MINNESOTA |

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the common law of the State of Minnesota.

2. It is alleged that Defendants violated Plaintiff's constitutional rights under the Fourth, Eighth, and/or Fourteenth Amendments of the United States Constitution and committed torts under Minnesota state law.

## JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

1



SCANNED
SEP 25 2023
U.S. DISTRICT COURT MPLS

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Mr. Randle was at all material times a resident of the State of Minnesota.

6. Defendant Ramsey County ("Ramsey County") is a municipal corporation and the public employer of Defendants Ramsey County Adult Detention Center, Fletcher Bob, Tester Michael, Rulli Antonio, Lewis Micah, Krunkel Thomas, Allbee Jeff, Stoltz Peter, Frerichs Dan, Lockett Thaddeus, Johnson Andrew, Muellner Chris, Delrosario Shaun M, Paul Richard, Mckinney Joseph, Walker Jessica, and Baskfield Rita. Ramsey County is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials.

7. Defendants Ramsey County Adult Detention Center;, Fletcher Bob;, Tester Michael;, Rulli Antonio;, Lewis Micah;, Krunkel Thomas;, Allbee Jeff;, Stoltz Peter;, Frerichs Dan;, Lockett Thaddeus;, Johnson Andrew;, Muellner Chris;, Delrosario Shaun M;, Paul Richard;, Mckinney Joseph;, Walker Jessica;, Baskfield Rita; were at all times relevant to this complaint duly appointed and acting corrections officers employed by Ramsey County acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Ramsey County.

## FACTS

8. [Plaintiff was arrested on February 16, 2019 and brought to the Ramsey County Adult Detention Center.

9. Plaintiff was brought into the jail approximately 1:30am for the alleged Charge of a D.W.I.

10. Plaintiff was co-operative despite upon his arrival correctional staff acting in a rude and aggressive manner.

11. Plaintiff would respond only when he had been placed in handcuffs and leg shackles while still in the garage/transport area.

12. Plaintiff was vocal and complained about the tightness of the handcuffs and leg shackles in which immediately caused extreme amounts of pain and the loss of circulation.

13. Plaintiff requested his phone call to family and attorney in which was denied.

14. Correctional staff in the booking area where very aggressive in the handling of the plaintiff, one officer state after repeated request for the restraints to be loosened "I see we might have to fuck this nigga up".

15. The disturbing part is that this correctional staff member who made the threat was African-American and the plaintiffs response was " I might be in jail but I've never been anyone's nigga".

16. Plaintiff was then placed in a holding cell but was left in the restraints (hand cuffs and ankle shackles. The cell possesses a camera and should reflect such.

17. This form of excessive restraints caused plaintiff excruciating pain and suffering mental anguish and emotional distress. While in the holding cell plaintiff became verbally argumentative with staff who couldn't provide no reasonable reason why restraints were needed inside a holding cell of a detainee arrested for a non-violent offense.

18. Plaintiff was alone in the holding cell and would remain alone and hadn't given any reason for such treatment with the restraints.

19. While in the holding cell plaintiff kept requesting removal of the restraints in which caused correctional staff to constantly taunt plaintiff. This was clearly a failure to train on behalf of the Sheriff.

20. Officer John Doe would then enter plaintiffs cell as if he was about to assist the plaintiff, but instead pulled the plaintiff by his hair, in which caused the plaintiff to fall directly onto his face.

21. This caused plaintiff internal bleeding inside his mouth. Plaintiff then spit his blood on the window of the holding cell in rage and wiped it onto the glass window of the holding cell.

22. This made correctional staff furious who in return made threats as if plaintiffs spit had made physical contact with one of the officers and it didn't.

23. Plaintiff would ask again for a phone call to his attorney and family.

24. This request was denied and plaintiff who felt dizzy from the excessive force used by John Doe requested medical attention in which was denied by the correctional staff present.

25. Plaintiff was extremely dizzy and didn't remember falling asleep but was awaken by 7 correctional staff, defendants Mckinney Joseph;, Paul Richard;, Delrosario Shaun M;, Muellner Chris;, Lockett Thaddeus;, Johnson Andrew;, Frerichs Dan;.

26. When awoken plaintiff could barely feel his hands and feet as hand cuffs and shackles were removed.

27. Plaintiff was instructed to follow the defendants to the booking area.

28. Plaintiff pleads that proof in the claim of excessive force is proved above in defendant's activity.

29. What common sense did it make to force the plaintiff to be in restraints while in a holding cell alone but to cause excessive force, then to remove the restraints prior to movement outside this holding cell?

30. There was no purpose but to use excessive force in which was unnecessary and inflict pain, suffering, mental anguish and emotional distress.

31. Plaintiff didn't hear correctional staff say where he was going and asked where was he being taken.

32. Officer John Doe; responded to my question stating "you don't know how to shut the fuck up, were going to really beat the shit out of you".

33. This caused Plaintiff to become verbally defensive responding with insults stating " I haven't had my ass by anyone except my mom so I don't know how that's gone happen, you see all these cameras".

34. Another John Doe responded "we got spaces and places for that".

35. This made Plaintiff concerned and prompted Plaintiff to request his phone call and was denied.

36. Plaintiff was taken to the finger printing area in which those were done, then the photo area, Plaintiff had his photo taken, then into the shower area.

37. Plaintiff noticed that the shower area was secluded but was told to undress.

38. Literally after Plaintiff removed his last garment in which was his underwear Plaintiff was immediately tackled from his backside by defendants Mckinney Joseph, Paul Richard, Delrosario Shaun M, Muellner Chris, Lockett Thaddeus, Johnson Andrew, and Frerichs Dan, which caused Plaintiff to violently fall onto his front body.

39. Plaintiff was completely naked and at first believed that he was about to be assaulted sexually until all seven correctional staff began to kick, punch, elbow and knee the Plaintiff.

40. Plaintiff screamed as he was not allowed off the front side of his body and was being forcefully held down by what felt like two knees from the body of 2 officers, one officers knee was on Plaintiffs neck and one knee in the Plaintiffs neck.

41. Plaintiff was kicked in his head, as his face violently bounced off the floor while he screamed "I can't breathe" from the knee on his neck.

42. Plaintiff was knocked out from the blows to his head and was violently awaken by a burning feeling to his backside but throughout his body.

43. Plaintiff heard faint screaming that sounded far away of the words get up.

44. Plaintiff couldn't move and felt several more excruciating burning shocking blows to his body, Plaintiff couldn't move at all.

45. Plaintiff felt his hands cuffed behind his back and his body lifted from the ground and his body dragged.

46. Plaintiff heard a female say " oh my god they just fucked him up, is he dead?" as females were present in the booking area as Plaintiffs bloody naked body is being dragged around the facility.

47. Plaintiff became slightly comprehensive while being dragged and noticed that he was still naked and leaving a trail of blood from the shower area to the holding cell were the Plaintiff was dropped.

48. Nursing staff was summoned who deemed Plaintiff immediately be taken to the hospital.

49. Plaintiff suffered blunt force trauma to his head and throughout his entire body leaving both swollen with bruises, a laceration cut above his left eye, disorder of corneal in his left eye,

sub conjunctival hematomas in both eyes, several internal laceration in his mouth, fractured rib and concussion.

50. Plaintiff pleads that after handcuffs and shackles were removed as stated in paragraph (26) Plaintiff was in full compliance.

51. Plaintiff made it through the fingerprinting without incident the photo process without incident, and even in the shower area Plaintiff removed all his clothing without incident.

52. Plaintiff wouldn't wait until he was completely naked to react or cause a disturbance, especially against 7 correctional staff.

53. Plaintiffs injuries also reflect Plaintiffs positioning all Taser deploys were shot into his backside, 3 directly into his back but one into his actual buttock, again a complete failure to train on behalf of the Sheriff.

54. Plaintiff was placed under observation watch and was not allowed to sleep in fear of nursing staff who explained to plaintiff that with his injury sleeping could lead to death.

55. Plaintiff asked nursing staff could they assist him in filing a complaint or grievance and was told they would notify someone but no one ever came.

56. Plaintiff was notified that he was being released and was then given a phone call, Plaintiff was able to notify a friend of what took place, but when released was told he had to vacate the premises of the Ramsey County Adult Detention Center without securing transportation.

57. Defendant Sheriff Bob Fletcher as the final policy maker of the defendant Ramsey County Adult Detention Center engage in a custom or practice at all times relevant to this complaint that allowed their correctional staff to place restraints on a person wrist and ankles while restrained alone in a cell.

58. Plaintiff was forced to function in a holding cell where he had no contact with anyone but still had to be restrained by ankle and wrist in which he complained from the beginning were so tight that they were cutting off his circulation.

59. This Policy or practice written or unwritten deprived Plaintiff who wasn't even really at the stage of pretrial detention as he hadn't at that point been cited or charged with any crime neither processed into the jail but was immediately subjected to this treatment in which was excessive force.

60. Defendants Sheriff Bob Fletcher also failed to properly train and supervise correctional staff, as deadly tactics and force were used.

61. A report was written stating some of the physical tactics used in which one that has been deemed unlawful after the killing of the dearly departed George Floyd.

62. Plaintiff pleads not to mention the manner in which weapons where used in the form of Taser being shot 4 times in which was completely excessive, and proof of more failing to supervise training.

63. Plaintiff pleads and ask this honorable court to take judicial notice that no officer was injured neither was plaintiff charged with any criminal assault or jail citation or disciplinary charge because Plaintiff never attacked or physically engaged with the defendants, and the defendants behavior would have to be explained.

64. As a result of Defendants' actions, Plaintiff suffered physical and emotional pain and trauma, closed fracture of one rib, sub conjunctival hematoma left and right eye, facial laceration, corneal epithelial defect, intraoral lacerations, closed head injury, tachycardia, Left eyelid laceration, elevated blood pressure, PTSD, anxiety and depression.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AND/OR EIGHTH AND/OR FOURTEENTH AMENDMENT EXCESSIVE FORCE AGAINST ALL INDIVIDUAL DEFENDANTS

65. Paragraphs 1 through 64 are incorporated herein by reference as though fully set forth.

66. Based on the above factual allegations, Defendants engaged in excessive and unnecessary force against Plaintiff.

67. Defendants' actions against Plaintiff, as outlined above, were unreasonable and unnecessary, constitute punishment, were carried out for the purpose of humiliation and punishment, were not reasonably related to any legitimate governmental interest or purpose, and are shocking to the conscience.

68. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

### COUNT 2: 42 U.S.C. § 1983 FOURTH AND/OR EIGHTH AND/OR FOURTEENTH AMENDMENT (MONELL) VIOLATIONS AGAINST DEFENDANT RAMSEY COUNTY AND SHERIFF FLETCHER

69. Paragraphs 1 through 64 are incorporated herein by reference as though fully set forth.

70. Prior to February 16, 2019, Defendants Ramsey County and Sheriff Fletcher developed and maintained policies and/or customs and/or practices and/or lack of discipline, training, and policies exhibiting deliberate indifference to the constitutional rights of persons in its care and custody, which caused the violations of Plaintiff's constitutional rights.

71. It was the policy and/or custom and/or practice of Defendants Ramsey County and Sheriff Fletcher to inadequately supervise and train its employees, including the individual Defendants, thereby failing to adequately prevent and discourage further constitutional violations.

72. As a result of these policies and/or customs and/or practices and/or lack of discipline, training, and policies, employees of Defendant Ramsey County, including the individual

Defendants, believed that their actions would not be properly monitored by supervisory employees and that misconduct would not be investigated or sanctioned, but would be tolerated.

73. These policies and/or customs and/or practices and/or lack of discipline, training, and policies were the cause of the violations of Plaintiff's constitutional rights alleged herein.

### COUNT 3: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW

74. Paragraphs 1 through 64 are incorporated herein by reference as though fully set forth.
75. Based on the above factual allegations, Defendants battered Plaintiff.
76. Defendant Ramsey County is vicariously liable to Plaintiff for the individual Defendants' battery.
77. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

### RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendants on all counts set forth above;

b. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

c. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

d. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

e. Award of such other and further relief as this Court may deem appropriate.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Dated: 09-22-2023

_____
**DARIEN RANDLE, Plaintiff**