## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Darien Randle, | Court File No.: 23-cv-1491-JWB-DJF |
| Plaintiff, | |
| v. | **RAMSEY COUNTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| Ramsey County, et al., | |
| Defendants. | |

For its Answer to Plaintiff's First Amended Complaint, Defendant Ramsey County Jail (hereafter "Ramsey County") states, allege, and respond as follows:

1. Ramsey County denies generally each and every allegation, matter, and thing contained in the Complaint, except as hereinafter expressly admitted, qualified, or otherwise stated below.

2. Although Plaintiff has purported to sue the Ramsey County Adult Detention Center, the Ramsey County Adult Detention Center is not an independent legal entity that can be sued. Any claim against a Ramsey County department is properly treated as a claim against Ramsey County. *Flores v. U.S.*, 689 F.3d 894, 899 n.4 (8th Cir. 2012) (recognizing Ramsey County departments are not legal entities capable of being sued). The same is true for Plaintiff's official-capacity claims. As a result, this Answer also applies to Plaintiff's purported claims against the Ramsey County Adulty Detention Center.

3. Official-capacity claims "generally represent only another way of pleading an action against the entity of which an officer is an agent," and "[s]uits against [government] officials in their official capacity therefore should be treated as suits against the [governmental entity]." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations and quotations omitted). As a result, this Answer also applies to Plaintiff's purported official-capacity claims against current and former Ramsey County personnel.

4. As to paragraph 1, state this paragraph contains no allegations against this Defendant and therefore no response is required. To the extent a response is required, deny any actionable conduct or omissions by this Defendant.

5. As to paragraph 2, deny this Defendant violated Plaintiff's constitutional rights. Further deny this Defendant or its agents committed torts under Minnesota state law.

6. As to paragraph 3, admit this Court has subject matter jurisdiction.

7. As to paragraph 4, admit venue is proper in this Court. Deny the remainder of paragraph 4.

8. As to paragraph 5, lack sufficient information to admit or deny which has the effect of a denial.

9. As to paragraph 6, deny.

10. As to paragraphs 7, deny.

11. As to paragraphs 8 - 9, state these paragraphs contain no allegations against this Defendant and therefore no response is required. To the extent a response is required, deny any actionable conduct or omissions by this Defendant.

12. As to paragraphs 10, deny.

13. As to paragraphs 11 - 12, lack sufficient information to admit or deny which has the effect of a denial.

14. As to paragraph 13, state this paragraph contains no allegations against this Defendant and therefore no response is required. To the extent a response is required, deny any actionable conduct or omissions by this Defendant.

15. As to paragraphs 14 – 19, deny.

16. As to paragraphs 20 - 21, lack sufficient information to admit or deny which has the effect of a denial.

17. As to paragraphs 22 – 27, lacks sufficient information to admit or deny which has the effect of a denial.

18. As to paragraph 28, deny.

19. As to paragraph 29, state that this paragraph consists of a rhetorical question and not a factual or legal allegation and therefore no response is required. To the extent a response is required, deny any actionable conduct or omissions.

20. As to paragraph 30, deny.

21. As to paragraph 31, lack sufficient information to admit or deny which has the effect of a denial.

22. As to paragraph 32, deny.

23. As to paragraph 33, lack sufficient information to admit or deny which has the effect of a denial.

24. As to paragraph 34, deny.

25. As to paragraph 35, lack sufficient information to admit or deny which has the effect of a denial.

26. As to paragraph 36, state this paragraph contains no allegations against this Defendant and therefore no response is required.  To the extent a response is required, deny any actionable conduct or omissions by this Defendant.

27. As to paragraphs 37 – 41, deny.

28. As to paragraphs 42 – 47, lack sufficient information to admit or deny which has the effect of a denial.

29. As to paragraph 48, admit that Plaintiff was sent to the hospital.

30. As to paragraph 49, lack sufficient information to admit or deny which has the effect of a denial.

31. As to paragraph 50 – 53, deny.

32. As to paragraphs 54 - 56, lack sufficient information to admit or deny which has the - effect of a denial.

33. As to paragraphs 57 – 63, deny.

34. As to paragraph 64, lack sufficient information to admit or deny which has the effect of a denial.

35. As to paragraph 65, restate each previous response.

36. As to paragraphs 66 – 68, deny.

37. As to paragraph 69, restate each previous response.

38. As to paragraphs 70 – 73, deny.

39. As to paragraph 74, restate each previous response.

40. As to paragraphs 75 – 77, deny.

41. As to Plaintiff's prayer for relief, deny that Plaintiff is entitled to any of his requested relief.

42. As to the addendum to Plaintiff's Complaint, state that the allegations contained therein are not directed toward these answering Defendants and therefore no response is required. To the extent a response is required, deny any actionable conduct or omissions.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, Defendant Ramsey County reasserts each preceding paragraph and state that:

1. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statutes of limitations.

3. Plaintiff's claims are barred by the immunities afforded to Defendants by law including, but not limited to, absolute immunity, qualified immunity, official immunity, statutory immunity, and all other immunities provided for by federal and/or state law.

4. Plaintiff has failed to exhaust administrative remedies.

5. Defendant is shielded from suit, liability, and damages as provided in Minn. Stat. Ch. 466.01, et al.

6. If Plaintiff has sustained damages as alleged in the Complaint, they were the result of Plaintiff's own acts, omissions, fault, negligence, carelessness, or illegal conduct or the result of third persons over whom Defendants had no control and for whom Defendants have no responsibility.

7. Plaintiff's claims are barred in whole or in part by doctrines of estoppel, res judicata, waiver, consent, laches, or unclean hands.

8. Defendants and their agents and employees, at all times material hereto, acted in good faith, without malice, with reasonableness, and in accordance with applicable law.

9. Plaintiff's claims are barred in whole or in part by intervening causes over which Defendants had no control or for which they have no responsibility.

10. To the extent Plaintiff suffered damages, he has failed to mitigate said damages.

11. Except as specifically provided by law, Plaintiff is not entitled to recover attorney's fees, costs, disbursements, or interest.

12. Punitive damages are unavailable for Plaintiff's claims.

13. Plaintiff's claims may be barred by any and/or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. To the extent which Plaintiff's claims may be barred by one or more of said affirmative defenses, it cannot be determined until there has been further investigation and discovery. Therefore, these answering parties allege and incorporate all such affirmative defenses set forth in Fed. R. Civ. P. 8(c).

14. Plaintiff's claims are barred by any other matter constituting an avoidance or affirmative defense.

Wherefore, as to Plaintiff's Complaint, Defendants pray Plaintiff takes nothing by pretended claims for relief; that Defendants be given judgment against Plaintiff, dismissing Plaintiff's causes of action with prejudice; and that judgment be entered in favor of Defendants for costs, disbursements, and attorney's fees pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

JOHN J. CHOI
RAMSEY COUNTY ATTORNEY

Dated: October 9, 2023

By: /s/ *Rebecca Krystosek*
Rebecca Krystosek (#0399953)
Assistant Ramsey County Attorneys
121 Seventh Place East, Suite 4500
St. Paul, MN 55101
Telephone: (651) 266-3128
Fax: (651) 266-3032
rebecca.krystosek@co.ramsey.mn.us

Attorneys for Defendants