UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darien Randle, | Case No. 23-CV-01491-JWB-DJF |
| Plaintiff, | |
| vs. | |
| Ramsey County, et al., | |
| Defendants. | |

---

**ANSWER TO THE FIRST AMENDED COMPLAINT**
_____

COME NOW Defendants Bob Fletcher, Michael Tester, Antonio Rulli, Micah Lewis, Thomas Krunkel, Jeff Allbee, Peter Stoltz, Dan Frerichs, Thaddeus Lockett, Andrew Johnson, Chris Muellner, Shaun Del Rosario, Richard Paul, Joseph Mckinney, Jessica Walker, Rita Baskfield, and John Doe, for their Answer to Plaintiff's First Amended Complaint ("Complaint"), state and allege as follows:

1. Unless hereafter admitted, qualified or otherwise answered, these answering parties deny each and every thing, matter and particular alleged in Plaintiff's Complaint.

2. These answering parties specifically deny Plaintiff has stated a cognizable claim for relief under 42 U.S.C. §§ 1983 or 1988 and, further, deny Plaintiff suffered any deprivation of rights under the Fourth or Fourteenth

Amendments or any other state or federal statutory or constitutional injuries as alleged in Plaintiff's Complaint.

3. These answering parties affirmatively allege at all times material hereto, they were performing discretionary acts in the scope of their duties with a good faith belief their conduct was lawful, constitutional, proper and pursuant to probable cause.

4. These answering parties admit they were at all times material hereto, acting in their official capacities as Ramsey County employees.

5. These answering parties affirmatively allege Plaintiff's actions asserted against them are official capacity actions only.

6. These answering parties affirmatively allege Plaintiff's Complaint fails to state a cause of action for claims upon which relief can be granted.

7. These answering parties affirmatively allege Plaintiff's claims are barred by the legal doctrines of qualified, statutory, and official immunity.

8. With respect to allegations in the Complaint based upon body-worn camera and jail camera video, these answering parties admit to the accuracy of the contents of the videos and submit the videos speak for themselves, and specifically deny all allegations and self-serving mischaracterizations not supported by the videos and put Plaintiff to his strict burden of proof.

9. With respect to paragraphs 1-2, these answering parties specifically deny Plaintiff has established a plausible § 1983 claim, deny Plaintiff is entitled to monetary damages or relief, and deny the remaining allegations and put Plaintiff to his strict burden of proof.

10. With respect to paragraphs 3-4, these answering parties admit generally federal questions should be resolved in federal court; however, the incident involving Plaintiff did not rise to the level of a constitutional deprivation and, therefore, these answering parties deny jurisdiction of this Court.

11. With respect to paragraph 5, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

12. With respect to paragraph 6, these answering parties admit Ramsey County is a municipal corporation and the employer of the individually named officers but specifically deny the remaining allegations and put Plaintiff to his strict burden of proof.

13. With respect to paragraphs 7-9, these answering parties admit the allegations.

14. With respect to paragraphs 10-12, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

15. With respect to paragraph 13, these answering parties admit Plaintiff requested to make a phone call prior to being booked into the jail.

16. With respect to paragraphs 14-15, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

17. With respect to paragraph 16, these answering parties admit Plaintiff was placed in holding room #2 where he was placed in handcuffs and leg restraints due to his aggressiveness towards officers upon his arrival at the Ramsey County Adult Detention Center.

18. With respect to paragraph 17, these answering parties specifically deny the use of restraints constituted excessive force, and deny the remaining allegations and put Plaintiff to his strict burden of proof.

19. With respect to paragraph 18, these answering parties admit Plaintiff was alone in the holding cell but specifically deny the remaining allegations and put Plaintiff to his strict burden of proof.

20. With respect to paragraphs 19-22, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

21. With respect to paragraph 23, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

22. With respect to paragraph 24, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

23. With respect to paragraphs 25-26, these answering parties are without sufficient information to admit or deny the allegations and, therefore, deny and put Plaintiff to his strict burden of proof.

24. With respect to paragraph 27, these answering parties admit the allegations.

25. With respect to paragraphs 28-32, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

26. With respect to paragraph 33, these answering parties are without sufficient information to admit or deny the allegations and, therefore, deny and put Plaintiff to his strict burden of proof.

27. With respect to paragraph 34, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

28. With respect to paragraphs 35-37, these answering parties are without sufficient information to admit or deny the allegations and, therefore, deny and put Plaintiff to his strict burden of proof.

29. With respect to paragraphs 38-47, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

30. With respect to paragraph 48, these answering parties admit nursing staff determined Plaintiff should be transferred to the hospital.

31. With respect to paragraphs 49-50, these answering parties are without sufficient information to admit or deny the allegations and, therefore, deny and put Plaintiff to his strict burden of proof.

32. With respect to paragraphs 51-53, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

33. With respect to paragraphs 54-56, these answering parties are without sufficient information to admit or deny the allegations and, therefore, deny and put Plaintiff to his strict burden of proof.

34. With respect to paragraphs 57-63, these answering parties specifically deny the allegations and put Plaintiff to his strict burden of proof.

35. With respect to paragraph 64, these answering parties are without sufficient information to admit or deny and, therefore, deny and put Plaintiff to his strict burden of proof.

36. These answering parties specifically deny the allegations in Count 1 of the Complaint (paragraphs 65-68) and specifically deny any use of force was excessive.

37. These answering parties specifically deny the allegations in Count 2 of the Complaint (paragraphs 69-73) and specifically deny Bob Fletcher developed

and maintained policies, customs, practices and/or lack of training exhibiting deliberate indifference to inmates.

38. These answering parties specifically deny the allegations in Count 3 of the Complaint (paragraphs 74-77) and put Plaintiff to his strict burden of proof.

39. These answering parties are without sufficient knowledge to form a belief as to the truth of Plaintiff's alleged damages, prayer for relief, and Relief Requested (page 10, paragraphs a-e) and, therefore, deny the same and demand strict proof thereof.

40. These answering parties join in Plaintiff's request for a jury trial.

**WHEREFORE**, these answering parties pray Plaintiff take nothing by his claim for relief herein; that these answering parties be given judgment against Plaintiff, dismissing Plaintiff's cause of action with prejudice; that these answering parties be given judgment for costs, disbursements and attorney's fees herein pursuant to 42 U.S.C. § 1988 and for such other relief as the Court may deem just and equitable.

Dated:  November 27, 2023               s/Ashley M. Ramstad
                                        Jason M. Hiveley, #311546
                                        Julia C. Kelly, #392424
                                        Ashley M. Ramstad, #402446
                                        IVERSON REUVERS
                                        9321 Ensign Avenue South
                                        Bloomington, MN  55438
                                        (952) 548-7200

                                        *Attorneys for Defendants*