# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darien Randle, | Case No. 23-cv-1491 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Ramsey County et al., | |
| Defendant. | |

---

This matter is before the Court on Plaintiff Darien Randle's Motion for Attorney Representation (ECF No. 2). Mr. Randle is pro se and filed this motion with the assistance of another inmate using a check-the-box form provided by the United States District Court for the Northern District of Illinois. He does not provide any specific arguments for why the Court should appoint counsel, but noted he has mental disabilities and did not have law library access at the Kane County Jail in St. Charles, Illinois, where he was detained when he filed his Complaint (ECF No. 2). In the time since, however, Mr. Randle was transported to the Hennepin County Jail (*see* ECF No. 15) and later released (*see* ECF No. 17). The Court also referred Mr. Randle to the FBA Pro Se Project (*see* ECF No. 5). The Court understands Mr. Randle has been receiving assistance from a volunteer attorney through that program.

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the appointment of counsel is a matter of the Court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the

1

complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

The Court recognizes Mr. Randle's strong desire for appointment of counsel, but the Court cannot conclude that litigating this action will be factually or legally complex, or that Mr. Randle lacks the ability to investigate the facts or present his arguments to the Court. Mr. Randle's lack of understanding of the legal system, alone, is also not sufficient to warrant appointment of counsel since these facts do not distinguish his case from the myriad other claims brought by pro se litigants—especially given that he has been receiving assistance from an attorney with the FBA Pro Se Project. Moreover, while conflicting testimony may emerge later on, this factor does not currently outweigh the others. The Court therefore declines to appoint counsel at this time.[1]

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Mr. Randle's Motion for Attorney Representation (ECF No. [2]) is **DENIED WITHOUT PREJUDICE**.

Dated: January 2, 2024

*s/ Dulce J. Foster*
Dulce J. Foster
United States Magistrate Judge

---

[1] This Order denies Mr. Randle's request for court-appointed counsel only. Nothing in this Order is intended to affect the Court's previous referral to the FBA Pro Se Project or any ongoing assistance he may be receiving from the volunteer attorney.