UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darien Randle, | Case No. 23-CV-01491-JWB-DJF |
|         Plaintiff, | |
| vs. | |
| Ramsey County, et al., | |
|         Defendants. | |

---

### JOINT RULE 26(f) REPORT
---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on January 10, 2024 and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **January 18, 2024**, before United States Magistrate Judge Dulce J. Foster **by Zoom.** The parties **do not** believe the pretrial conference may be canceled and the pretrial scheduling order may be issued based on the parties joint Rule 26(f) report.

(a) Rule 7.1 Disclosures.

    The parties must comply with Rule 7.1, if applicable:

    (1) For plaintiff: Rule 7.1 **does not** apply.

    (2) For defendants: Rule 7.1 **does not** apply.

(b) Description of the Case.

    (1) Concise factual summary of plaintiff's claims: This is a case using excessive use of force by Ramsey County.

(2) Concise factual summary of defendants' claims/defenses:

**(a) Defendants Bob Fletcher, Michael Tester, Antonio Rulli, Micah Lewis, Thomas Krunkel, Jeff Allbee, Peter Stoltz, Dan Frerichs, Thaddeus Lockett, Andrew Johnson, Chris Muellner, Shaun Del Rosario, Richard Paul, Joseph McKinney, Jessica Walker, Rita Baskfield and John Doe submit Plaintiff failed to support his 42 U.S.C. § 1983 claims. Defendants' actions were objectively reasonable, and Plaintiff's claims are barred by the legal doctrine of qualified immunity.**
**(b) Defendants Ramsey County and Bob Fletcher deny they are liable under *Monell* as the alleged violations were not a result of a municipal policy, custom, practice or failure to train and/or supervise.**
**(c) Defendants submit Plaintiff failed to support his battery claim. Defendants' actions were objectively reasonable, and Plaintiff's claims are barred by the legal doctrine of official immunity.**

(3) Statement of jurisdiction (including stator citations)[1]:

**Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the U.S. Constitution, and 28 U.S.C. §§ 1331 and 1343(a)(3). The aforementioned statutory and constitutional provisions confer original jurisdiction over this action.**

(4) Summary of factual stipulations or agreements:

**None.**

(5) A jury trial **has** been demanded by **all parties**.

(6) The parties **do not agree** to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable.

---

[1] In any case based on diversity jurisdiction in which a party is an LLC, this statement should identify the citizenship of each of its members and any subdivisions of its members. *See Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013).

(c) Pleadings.

   The status of pleadings is as follows: Amended Complaint has been filed. US Marshals were used to for serving Defendants. Unknown if all defendants have been served.

(d) Other Fact Discovery.

   The parties recommend that the Court establish the following fact discovery deadlines and limitations:

   (1) Deadline for initial disclosures under Fed. R. Civ. P. 26(a)(1): **February 1, 2024.**

   (2) Deadline for the exchange of documents identified by each party's Rule 26(a)(1) initial disclosures: **February 1, 2024.**

   (3) Interim deadline [if any] for the substantial completion of document production [to facilitate the scheduling and taking of depositions]: **N/A**

   (4) Deadline for service of deposition notices or subpoenas under Fed. R. Civ. P. 30(b)(6): **May 15, 2023**. Any notice of 30(b)(6) deposition must be served at least **30** days before the scheduled deposition date.

   (5) Deadline for completion of mental or physical examinations under Fed. R. Civ. P. 35: **July 1, 2024**.

   (6) The parties must commence fact discovery by **July 1, 2024.**

   (7) The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures **per side** as follows:

      (A) **30** interrogatories;

      (B) **30** document requests;

      (C) **20** requests for admissions;

3

(D) **20** fact depositions (including Fed. R. Civ. P. 30(b)(6) depositions).

(8) The parties have discussed the need for mental or physical examinations under Fed. R. Civ. P. 35 and agree to the following: **1 physical and 1 mental examination.**

(e) Expert Discovery.

(1) The parties anticipate that they **will** require expert witnesses at the time of trial.

**(A)** The plaintiff anticipates calling **3 experts** in the fields of **correction standards, medical care, audio and video.**

(B) The defendants anticipate calling **2-3** experts in the fields of **correctional/prison procedure and excessive force. Defendants reserve the right to call rebuttal vocational or economist experts.**

(2) The parties propose that the Court establish the following plan for expert discovery:

(A) Initial experts.

(i) The identify of any expert who Plaintiff may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **July 1, 2024.**

(ii) The identify of any expert who Defendants may call to testify at trial and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(C) must be served on or before **September 1, 2024.**

(B) Rebuttal experts.

(i) Rebuttal expert reports shall be limited in scope to the topics addressed in initial expert reports. The identity of any experts who may testify in rebuttal to any expert must be disclosed by **October 1, 2024.**

      (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 1, 2024.**

   (C) All expert discovery must be completed **within 60 days after all dispositive motions have been ruled on.**

(f) Other Discovery Issues.

   (1) Discovery of Electronically Stored Information (ESI).[2]

      The parties have discussed the scope of ESI discovery, including relevance and proportionality, and any issues about preserving ESI. The parties have also discussed the form or forms in which ESI should be produced. They inform the Court of the following agreements or issues: **The parties agree to produce documents in PDF, with optical character recognition (OCR) or any other word-searchable format provided to the extent possible. The parties agree to produce documents in native format whenever it is more conducive to production or viewing (e.g. spreadsheets). The parties agree to maintain all electronically stored information (ESI) under its/their**

---

[2] Counsel should review and consider "Discussion of Electronic Discovery at Rule 26(f) Conferences. A Guide for Practitioners," http://www.mnd.uscourts.gov, and discuss whether a formal ESI plan or protocol is appropriate. If so, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) exchange lists of the types of ESI each party will seek in discovery, including custodial ESI (e.g., email) and non-custodial ESI (e.g., centralized databases); (3) discuss where ESI is stored, including storage on the party's premises, data stored by a party using third party providers (e.g., the "cloud"), storage on devices used by a party (or its employees) including laptops, smart phones or other personal devices); (4) discuss whether email or other electronic communications will be sought and identify what ESI discovery tools or techniques will be applied; (5) discuss the preservation and production of metadata, if appropriate; and (6) discuss the other topics relating to ESI discovery set forth in the Federal Rules of Civil Procedure. A plan or protocol should be clear on how the plan or protocol will operate during the course of fact discovery to satisfy a party's obligation to respond to a first and subsequent sets of document requests.

**control at the time of this agreement in native format and will produce ESI in native format when requested. If either party has reason to question the authenticity of any portion of the opposing party's document production, the parties will provide metadata when requested, or for production in another format.**

The parties will further meet and confer **on an as-needed basis** to discuss their plan or formal protocol for ESI discovery. They agree to present any disputes regarding an ESI discovery plan and protocol to the Court **if such issue arises.** The parties are encouraged to use Judge Foster's ESI check-list as a guide for their meet and confer.

(2) Protective Order. The parties agree that a protective order **is** necessary to govern discovery. If a protective order is requested by any party, the parties will jointly submit either a proposed protective order or a report identifying areas of disagreement on or before **January 18, 2024.** No protective order may purport to authorize filing documents under seal except as permitted under LR 5.6. No protective order may include language purporting to obligate the Court to destroy or return confidential documents to the parties after the conclusion of the case.

(3) Claims of Privilege or Protection. As required by Fed. R. Civ. P. 26(f)(3)(D), the parties have discussed procedures for asserting that information is protected by a privilege or the work-product doctrine, including procedures for asserting these claims after production (so-called "claw-back" procedures), and whether to request an order form the Court under Fed. R. Evid. 502(d). The parties **do not agree on a Protective Order.**

(4) Attorney's Fees. The parties **do not** anticipate that a claim for attorney's fees will be litigated in this case.

(g) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by **May 1, 2024.**

(2) Motions seeking to amend the pleadings must be filed and served by **May 1, 2024.**

(3) Non-dispositive motions related to expert discovery must be filed and served by **August 1, 2024.**

(4) Other non-dispositive motions, including motions related to fact discovery, must be filed and served by **November 1, 2024.**

(5) All dispositive motions must be filed and served (and heard or scheduled, depending on the District Judge assigned) by **January 1, 2025.**

(h) Trial.

(1) The parties agree that the case will be ready for trial on or after **February 1, 2025.**

(2) The anticipated length of the **jury** trial is **7-8** days.

(i) Insurance Carriers/Indemnitors: **Ramsey County Defendants are self-insured.**

(j) Settlement.

(1) The parties will discuss settlement before the initial pretrial conference, by the plaintiff making a written demand for settlement and each defendant making a written response/offer to the plaintiff's demand.

(2) The parties propose that a settlement conference be scheduled to take place **to be determined by the Court.**

(3) The parties have discussed whether alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

(k) Trial by Magistrate Judge.

The parties **have not** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c).

DATE: 01-08-2024

*[signature]*

Darien Randle, *Pro Se*
Darienrandle2023@yahoo.com
1007 19th Avenue NE
Minneapolis, MN 55418

DATE:_____

_____

Jason M. Hiveley, #311546
Julia C. Kelly, #392424
Ashley M. Ramstad, #402446
jasonh@iversonlaw.com
julia@iversonlaw.com
ashley@iversonlaw.com
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
(952- 548-7200)

*Attorneys for Defendants*

8

DATE:_____

Darien Randle, *Pro Se Plaintiff*
Darienrandle2023@yahoo.com
1007 19th Avenue NE
Minneapolis, MN 55418


DATE: January 11, 2024

/s/ Ashley M. Ramstad
Jason M. Hiveley, #311546
Ashley M. Ramstad, #402446
jasonh@iversonlaw.com
ashley@iversonlaw.com
IVERSON REUVERS
9321 Ensign Avenue South
Bloomington, MN 55438
(952) 548-7200

*Attorneys for Defendants*