UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darien Randle, | Case No. 23-cv-1491 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Ramsey County et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Darien Randle's Motion to Unseal Confidential Evidence ("Motion") (ECF No. 58). Plaintiff seeks to remove the confidentiality designations Defendants placed on certain video footage[1] pursuant to the Court's Protective Order (ECF No. 53). Defendants produced the footage in discovery in connection with Plaintiff's claim that officers violated his constitutional rights by using excessive force against him during his detention at the Ramsey County Jail. (*See* ECF No. 21.)

**I.    BACKGROUND**

Defendants initially opposed removing the confidentiality designations on all the video footage in question (*see* ECF No. 66). The Court held a sealed hearing on the Motion on June 26, 2024 ("June 26 Hearing") (ECF No. 72). Plaintiff indicated at the June 26 Hearing that he wished to use the video footage: (1) to show to medical and mental health professionals treating his injuries stemming from the incident underlying his claims; (2) to show to non-attorneys with whom he

---

[1] The parties identify the footage in question as follows: (1) ACC Export - 2019-02-28 12.41.17 PM; (2) ACC Export - 2019-03-05 04.02.08 PM; (3) ACC Export 2019-04-24 01.59.02 PM; (4) ACC Export 2020-02-05 01.42.44 PM; (5) ACC Export - Randle 2-16-19 0448-0504; (6) ACC Export - Randle 2-16-19 0707-0712; (7) Randle, Darien (1-4-92) 2-16-19 1; and (8) Randle, Darien (1-4-92) 2-16-19-2 (*see* ECF No. 73).

consults regarding his case; (3) to show prospective attorneys in order to obtain formal representation in this matter; and (4) to show the public the harms he suffered so that such incidents might be prevented in the future.

Defendants state that they provided the video footage in question to Plaintiff's volunteer consulting attorneys through the Federal Bar Association's Pro Se Project, who have agreed to treat the footage as confidential pursuant to the Protective Order.  Defendants further indicate that they do not oppose: (1) permitting Plaintiff to show the videos to any attorney he has not yet retained, but seeks to retain, so long as the attorney agrees in writing to comply with the Protective Order; and (2) permitting Plaintiff to show the videos to any medical or mental health provider treating him for his injuries, so long as the provider agrees in writing to comply with the Protective Order.  Defendants oppose disclosure of the video footage to any other individuals, including Plaintiff's non-attorney consultants and the public, and further oppose removal of the confidentiality designations.  Defendants contend public disclosure of the footage would undermine jail security.  They note that the footage shows the layout of the Ramsey County Jail and the location of the jail's security cameras and blind spots, and they argue that detainees at the jail could use the footage to escape or cause harm to corrections officers and others.  Defendants additionally cite privacy concerns, noting that some of the footage shows detainees who are uninvolved in this action.

Following the hearing on Plaintiff's Motion, Defendants filed a letter identifying time stamps for those portions of the videos Defendants argue demonstrate the above-referenced security and privacy concerns ("Letter") (ECF No. 73).  In their Letter, Defendants agreed that the confidentiality designation could be removed as to one video, disclosed under the file name "ACC Export 2019-04-24 01.59.02 PM" (*see* ECF No. 73).  For the reasons given below, the Court denies

Plaintiff's request to de-designate the videos, with the exception of the video file Defendants agreed to de-designate.

## II.     ANALYSIS

The Protective Order permits any party to designate documents as confidential upon production and provides that the opposing party may challenge any such confidentiality designation in court (*id.* ¶ 7).  (ECF No. 53 ¶¶ 2, 7.)  If a confidentiality designation is challenged, the party "who designated a document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c)." (*Id.* ¶ 7(c).)  Under Fed. R. Civ. P. 26(c), a court may issue a protective order to prevent disclosure of discovery material to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expenses.  "A party seeking protection under Rule 26(c) must provide specific facts demonstrating that the protection of information is necessary, as opposed to 'stereotyped and conclusory statements.'" *Edeh v. Equifax Info. Servs.*, LLC,11-cv-2671 (SRN/JSM), 2013 WL 2480676, at *2 (D. Minn. June 10, 2013) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)).

Defendants argue the confidentiality designations at issue here are necessary primarily to protect the jail's security interests.  They argue that detainees may use the videos to apprise themselves of the layout of the jail and the location of security cameras and blind spots, and then use this knowledge to the detriment of corrections officers.  Courts regularly find good cause for protective orders limiting the public disclosure of jailhouse video footage based on such security concerns.  *See, e.g.*, *Wilson v. Robinson*, 3:22-cv-158, 2023 WL 6466383, at *5 (E.D. Tenn. Oct. 4, 2023) (limiting disclosure of jail video footage only to parties or counsel); *Hari v. Smith*, 20-cv-1455 (ECT/TNL), 2022 WL 336831, at *4–5 (D. Minn. Feb. 4, 2022) (granting motion to compel production of jail security footage but only permitting plaintiff to view the footage under

supervision); *Perasso v. Washington State Dep't of Corr.*, 3:18-cv-5934 (BHS/DWC), 2019 WL 2172857, at *2 (W.D. Wash. May 20, 2019) (granting motion to compel production of jail security footage but only permitting plaintiff's counsel to view the footage).

Having reviewed the videos, the Court agrees jail security concerns warrant the confidentiality designations on the contested footage at issue here. The Court further finds portions of the footage show detainees whose privacy interests would be damaged by public disclosure of the footage. The confidentiality designations on these materials should not obstruct Plaintiff's preparation of his case, however. In light of this concern, and based on Defendants' agreements as stated during the hearing and in their Letter (ECF No. 73), the Court: (1) orders the "CONFIDENTIAL" designation to be removed from video file ACC Export 2019-04-24 01.59.02 PM; (2) orders that Mr. Randle may disclose the videos at issue to his Pro Se Project attorneys and to other prospective or retained licensed counsel in this action, so long as they review the Protective Order and sign the nondisclosure agreement in paragraph 3(b)(8)(B) of the Protective Order before he discloses it; and (3) orders that Mr. Randle may disclose the videos at issue to licensed medical or mental health providers assisting him with injuries stemming from the incident underlying his claims in this action, so long as they review the Protective Order and sign the nondisclosure agreement in paragraph 3(b)(8)(B) of the Protective Order before he discloses it. This Order does not permit Mr. Randle to disclose any video footage designated as "CONFIDENTIAL" to anyone who is not a licensed attorney, licensed medical provider or licensed mental health provider.

Though the Court largely denies Mr. Randle's motion to de-designate the contested video footage, the Court recognizes that the footage at issue might hold significant public interest. This decision is not a determination as to whether the footage at issue may remain under permanent seal if any party should offer it in court as an exhibit at a hearing or trial, or file it as an exhibit to a

motion on the court docket. *See, e.g.*, *Wilson*, 2023 WL 6466383, at *6 (noting the stark difference between motions for protective orders and motions to seal court records) (citing *Shane Grp., Inc. v. Blue Cross Blude Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016)). Secrecy is generally "fine at the discovery stage, before the material enters the judicial record." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). However, once discovery material is filed on the docket, it becomes a judicial record. *See Marden's Ark, Inc. v. UnitedHealth Group, Inc.,* 534 F. Supp. 3d 1038, 1045 (D. Minn. 2021). "There is a common-law right of access to judicial records," which is not implicated when information is merely produced in discovery. *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *see also* Local Rule 5.6, 2017 Advisory Committee Note ("[T]he public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.").

For these reasons, whether the video footage or any other information may be filed in this action under permanent seal will be resolved according to the procedure set forth in Local Rule 5.6. Under that Rule and the Court's Protective Order, any party to this case who files a video or other document that is designated "CONFIDENTIAL" first must file it under temporary seal, along with a publicly-filed, redacted version of the video or other document whenever redaction of the sensitive information is feasible, or a statement that redaction is not feasible if such redaction is impracticable. The parties then must meet and confer and file a joint motion for continued sealing stating each party's position on sealing if either party wishes to keep the video or other information sealed. *See* Local Rule 5.6.

In conclusion, unless Defendants provide their express permission, Plaintiff may not disclose the contested videos to anyone except his licensed attorneys and healthcare providers. If he seeks to use the video footage as an exhibit in support of, or opposition to, a motion filed in this Court, he must initially file it under temporary seal. The Court then will consider whether to unseal it or keep it sealed pursuant to the procedures established under Local Rule 5.6 and the legal standards applicable to sealing. *See IDT Corp.*, 709 F.3d at 1222–24 (8th Cir. 2013).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to Unseal Confidential Evidence (ECF No. 58) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Defendants shall produce to Plaintiff a copy of the video file named "ACC Export 2019-04-24 01.59.02 PM" without its "CONFIDENTIAL" designation; and

2. The Court's Protective Order (ECF No. 53) is hereby modified to state that Plaintiff may disclose videos designated "CONFIDENTIAL" to the following categories of individuals:

    a. Plaintiff's Pro Se Project attorneys and any prospective or retained counsel in this action who reads the Protective Order (ECF No. 53) and this Order and signs a copy of the nondisclosure agreement in paragraph 3(b)(8)(B) of the Protective Order prior to the disclosure; and

    b. Any medical or mental health provider treating Plaintiff for injuries related to the allegations underlying his claims in this action who reads the Protective Order (ECF No. 53) and this Order and signs a copy of the nondisclosure

        agreement in paragraph 3(b)(8)(B) of the Protective Order prior to the disclosure.

3.     Plaintiff's Motion to Unseal Confidential Evidence is **DENIED** in all other respects.

Dated: July 10, 2024                                *s/ Dulce J. Foster*
                                                             Dulce J. Foster
                                                              United States Magistrate Judge