UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darien Randle, | Case No. 23-CV-01491-JWB-DJF |
| Plaintiff, | |
| vs. | |
| Ramsey County, et al., | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

## INTRODUCTION

On August 5, 2024, a month after the close of discovery, Plaintiff Darien Randle filed a Motion to Amend the Scheduling Order and requests the Court issue an Order extending all deadlines, including the discovery deadline by six months. *Doc. 75*. Plaintiff has delayed this case on multiple occasions and failed to actively engage in the discovery process. He had ample time to reasonably meet the existing schedule had he acted with due diligence. Additionally, Plaintiff did not file his motion before the deadline passed and his motion should be denied.

1

## BACKGROUND

Plaintiff filed his Complaint in this lawsuit on May 19, 2023. *Doc. 1.* He also filed a Motion to Appoint Counsel the same day. *Doc. 2.* On May 26, 2023, the Court issued a letter to Plaintiff referring him to the *Pro Se* Project. *Doc. 5.* Plaintiff subsequently filed a letter with the Court requesting instructions on how to file a complaint under the civil rights act because the jail house lawyer who had been helping him file his complaint had been sent to segregation. *Doc. 10.* On June 20, 2023, Ramsey County Defendants filed their Answer to Plaintiff's Complaint. *Doc. 13.*

On June 21, 2023, Plaintiff requested the Court grant him additional time to complete and return Marshal Service Forms and to amend his Complaint. *Doc. 15.* On June 22, 2023, the Court found good cause to extend the time allotted to Plaintiff to file an amended complaint and return Marshal Service Forms for the individual capacity defendants and ordered Plaintiff to do so on or before July 24, 2023. *Doc. 16.* On August 4, 2023, Plaintiff again requested an extension to file his Amended Complaint and to return Marshal Service Forms. *Doc. 19.* On August 8, 2023, Plaintiff filed another letter requesting an extension to file his Amended Complaint and to return Marshal Service Forms. *Doc. 17.* On August 10, 2023, the Court granted Plaintiff's request and ordered him to file his

Amended Complaint and return Marshal Service Forms on or before September 25, 2023.

Plaintiff filed his Amended Complaint on September 22, 2023. *Doc. 21.* On November 22, 2023, Plaintiff served Defendants with his First Request for Production of Documents. On November 28, 2023, the Court issued an Order setting a Pretrial Scheduling Conference for January 18, 2024, and required the parties to submit a Joint Rule 26(f) Report by January 11, 2024. *Doc. 38, p. 1.* During the meet and confer to prepare the Joint Rule 26(f) Report, Plaintiff would not agree to filing a stipulation for protective order nor would he explain why he objected to submitting these documents. *Doc. 51, ¶ 3.* As a result, Defendants did not respond to Plaintiff's First Request for Production of Documents until the Court issued a decision on the Protective Order.

On January 2, 2024, the Court denied Plaintiff's Motion for Attorney Representation because the Court:

> cannot conclude that litigating this action will be factually or legally complex, or that Mr. Randle lacks the ability to investigate the facts or present his arguments to the Court. Mr. Randle's lack of understanding of the legal system, alone, is not sufficient to warrant appointment of counsel since these facts do not distinguish his case from the myriad other claims brought by pro se litigants – especially given that he has been receiving assistance from an attorney with the FBA Pro Se Project.

*Doc. 39.*

Following the Pretrial Scheduling Conference, the Court issued the Pretrial Scheduling Order. *Doc. 46.* The Scheduling Order required the parties to exchange their initial disclosures by February 1, 2024. *Id.* On January 23, 2024, Defendants filed a Motion for Protective Order. *Doc. 47.* Defendants timely served their Initial Disclosures on February 1, 2024. To date, Plaintiff has not served his Initial Disclosures. Pursuant to the Scheduling Order, the fact discovery deadline was July 1, 2024. *Id.* On February 23, 2024, the Court granted Defendants' Motion for a Protective Order, and Defendants subsequently responded to Plaintiff's First Request for Production of Documents on February 27, 2024. *Doc. 53.*

On March 6, 2024, Attorney Zorislav Leyderman contacted Defendants stating he had been asked to assist Plaintiff through the *Pro Se* Project to review the materials Defendants produced to Plaintiff. After several discussions with Attorney Leyderman, Defendants provided him the materials on March 22, 2024. Attorney Leyderman did not contact Defendants again.

On March 8, 2024, Plaintiff served Defendants with a Minnesota Data Practices Act Request. Defendants informed Plaintiff to contact the appropriate agency to make his request under the Minnesota Data Practices Act, directed him to make any discovery requests in accordance with the Federal Rules of Civil Procedure and informed him we could not provide him legal advice. On April 9,

2024, Defendants served Plaintiff with a First Set of Interrogatories and First Request for Production of Documents. Plaintiff requested a two-week extension which Defendants granted.

On May 1, 2024, Plaintiff filed a Motion requesting an extension to the deadline to amend the complaint because he was "still gathering evidence and need[ed] a little longer to examine everything with full understanding." *Doc. 59.* The Court denied Plaintiff's Motion. *Doc. 68.* On May 31, 2024, Attorney Ryan Vettleson entered a notice of limited appearance on behalf of Plaintiff. *Doc. 70.*

On June 4, 2024, Defendants provided discovery to Attorney Vettleson per his request. That same day, Attorney Vettleson requested the discovery requests in Word format to make it easier for Plaintiff to respond which we provided on June 5, 2024. On July 10, 2024, Defendants served Plaintiff with a deficiency letter since we had not yet received his responses giving him until July 14, 2024 to respond due to the pending deadline to file a Motion to Compel. On July 12, 2024, Plaintiff requested an extension to respond which we declined to give. On July 14, 2024, Plaintiff responded to Defendants' First Set of Interrogatories but did not respond to Defendants' First Request for Production of Documents. However, we had previously received signed authorizations to obtain relevant records so in the interests of judicial economy and to avoid unnecessary costs, Defendants opted not to bring a Motion to Compel. Plaintiff also served

5

Defendants with his First Set of Interrogatories on July 14, 2024, two weeks after the discovery deadline. Because these discovery requests were untimely, Defendants have not responded. However, Defendants previously provided Plaintiff with all relevant materials so there is nothing more Defendants have to produce.

Plaintiff now brings this Motion to Amend the Scheduling Order to extend all deadlines, including the discovery deadline, by six months.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16.3(b), a party who moves to modify a scheduling order must demonstrate good cause to do so. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.,* 532 F.3d 709, 716-17 (8th Cir. 2008) (citing *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006); *see* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.")). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [a court] will not consider prejudice if the movant has not been diligent in meeting the scheduling

6

order's deadlines." *Id.* (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

"Obedience to the constraints of the Court's scheduling Orders is critical if the Court is to capably perform its case management responsibilities." *Damgaard v. Avera Health,* No. 13-cv-2192 (RHK/JSM), 2015 WL 1608209, at *7 (D. Minn. Apr. 10, 2015) (quoting *Tomlin v. Holecek,* 158 F.R.D. 132, 135 (D. Minn. 1994)). Determining whether or not good cause through due diligence has been shown falls within the Court's broad discretion. *See, e.g., Portz v. St. Cloud State Univ.,* No. 16-cv-1115 (JRT/LIB), 2017 WL 3332220, at *3 (D. Minn. Aug. 4, 2017). In addition to the good cause requirement, Local Rule 16.3 also requires that "[e]xcept in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order. The hearing itself may take place after the deadline." D. Minn. L.R. 16.3(d).

## ARGUMENT

Plaintiff's Motion to Amend the Scheduling Order should be denied because he has failed to establish good cause to justify amending all deadlines, including fact discovery by six months, because he was not diligent in meeting the deadline for fact discovery set forth in the Scheduling Order. *See Sherman*, 532 F.3d 709, 716-17 (8th Cir. 2008) ("The primary measure of good cause is the

7

movant's diligence in attempting to meet the order's requirement …. Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of that order.").

Plaintiff argues there is good cause to modify the Scheduling Order because he has continually sought legal counsel from private attorneys and the courts but private attorneys would not take his case due to lack of evidence, was not granted any orders from the court to be produced the evidence, and was not referred to the *Pro Se* Project until months later. Plaintiff misrepresents the facts. Plaintiff was referred to the *Pro Se* Project the same day he filed his initial complaint on May 19, 2023. Additionally, Defendants provided several attorneys the evidence in this case pursuant to the Protective Order, even prior to the Court issuing its Order on July 10, 2024.

Although Defendants have said Plaintiff should have the opportunity to be represented by counsel if that is what he desires, Defendants object to Plaintiff having an unlimited amount of time to find counsel to do so. Indeed, Plaintiff has had ample time to consult attorneys and find representation since he first expressed his desire to have representation on May 19, 2023, the date he filed his initial complaint and motion to appoint counsel.

Following the filing of his complaint and motion to appoint counsel, the Court immediately referred Plaintiff to the *Pro Se* Project where he has engaged

8

with multiple attorneys. Indeed, Attorney Leyderman represented to Defendants he would be assisting Plaintiff with discovery on a limited basis through the *Pro Se* Project in March 2024, four months before the discovery deadline, and Defendants provided Leyderman with discovery produced with their initial disclosures.

On April 9, 2024, Defendants served Plaintiff with their First Set of Interrogatories and First Request for Production of Documents. Prior to the deadline for his response, Plaintiff informed Defendants that Leyderman would no longer be assisting him with discovery and requested a two-week extension to respond, which was granted. When Plaintiff did not provide any responses, Defendants delayed sending a deficiency letter because Attorney Vettleson filed a notice of limited appearance, discussed the outstanding discovery with Defendants' counsel and requested we provide the discovery requests in Word format to make it easier for Plaintiff to respond, which Defendants provided.

On July 10, 2024, after receiving no response from Plaintiff, Defendants served Plaintiff with a deficiency letter requesting he respond to our discovery requests to avoid a Motion to Compel. Plaintiff asked for another extension which Defendants denied due to the pending deadline to file a Motion to Compel. Finally, on July 14, 2024, Plaintiff responded to Defendants' First Set of Interrogatories but did not respond to Defendant's First Request for Production

9

of Documents. Plaintiff also served Defendants his First Set of Interrogatories on July 14, 2024, two weeks past the discovery deadline.

Although Plaintiff is pro se, he has demonstrated the ability to conduct discovery by serving Defendants with his first set of production of documents on November 22, 2023. He has also shown he understands the deadlines in the Court's Scheduling Order by filing appropriate motions within the deadlines. Defendants have worked with Plaintiff and provided discovery whenever he has engaged an attorney. Even when getting assistance from several attorneys, Plaintiff did not engage in discovery with Defendants and cannot show he acted diligently in attempting to meet the Scheduling Order's requirements.

Additionally, Plaintiff cannot show extraordinary circumstances why the Court should grant his motion to amend the Scheduling Order when his motion was made after the deadline he seeks to amend. Thus, his motion to amend the Scheduling Order should be denied.

| | |
|---|---|
| Dated:  August 12, 2024 | s/Ashley M. Ramstad </br>Jason M. Hiveley, #311546 </br>Ashley M. Ramstad, #402446 </br>IVERSON REUVERS </br>9321 Ensign Avenue South </br>Bloomington, MN  55438 </br>(952) 548-7200 </br>jasonh@iversonlaw.com </br>ashley@iversonlaw.com </br></br>*Attorneys for Defendants* |