UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Darien Randle, | Case No. 23-cv-1491 (JWB/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| Ramsey County et al., | |
| Defendants. | |

---

This matter is before the Court on Plaintiff Darien Randle's self-styled *Motion for ADA Accommodations and Notice of Impairment* ("Motion for Accommodations") (ECF No. 103) and *Motion to Extend Deadlines Due to Disability and Late Discovery* ("Motion for Continuance") (ECF No. 105) (collectively, "Motions"). Mr. Randle is currently represented by counsel. (*See* ECF No. 85.) However, Mr. Randle has notified the Court that his current counsel has indicated an intent to withdraw. (ECF No. 107-1.) Mr. Randle further states he is seeking other counsel but may need to proceed pro se in this matter. (*See id.*; ECF No. 105.) His Motion for Accommodations asks the Court to provide him a variety of accommodations as a disabled pro se litigant including: (1.) "Additional time to prepare filings and respond to deadlines"; (2.) "Simplified communications and flexibility in formatting"; (3.) "Any technology or e-filing support necessary to accommodate disability;" and (4.) "a reasonable delay in any attorney withdrawal until accommodations and/or transition planning are complete." (ECF No. 103.) His Motion for Continuance requests a 45-day extension "of all current deadlines in the case schedule, including discovery and response deadlines." (ECF No. 105.) For the reasons stated below, the Court denies the Motion for Accommodations and grants in part and denies in part the Motion for Continuance.

I.     **Motion for Accommodations**

There are two problems with Mr. Randle's Motion for Accommodations. First, it is premised on the withdrawal of his current counsel. As Mr. Randle acknowledges, his counsel has not filed a motion to withdraw and is therefore still bound to represent Mr. Randle's interests in this action. (*See* ECF No. 107-1; *see generally* Docket.) Moreover, there is no guarantee that, even if Mr. Randle's counsel files such a motion, the Court will grant it. The Court declines to delay these proceedings or order accommodations based on events that have not occurred. If a motion for withdrawal is filed, the Court will consider whether to grant or deny the motion at that time, taking any potential prejudice to Mr. Randle and the imminence of trial into account. Second, the accommodations Mr. Randle requests are too general for the Court to grant them. The Court cannot divine from the motion how Mr. Randle believes communications should be simplified or guess at what technological support he seeks. The Court will consider specific accommodation requests as to a particular filing on a case-by-case basis. For these reasons, the Court denies the Motion for Accommodations.

II.    **Motion for Continuance**

Rule 16(b)(4) of the Federal Rules of Civil Procedure requires good cause for amendments to the deadlines in the Pretrial Scheduling Order. All the discovery deadlines have passed (*see* ECF No. 97), as well as the deadline to request a dispositive motion hearing (*see* ECF No. 102). The only unexpired deadline is the trial ready date, which is December 4, 2025.[1] (*See* ECF No. 97.)

The Court does not find good cause to reopen the discovery deadlines or any other expired deadline based on Mr. Randle's current alleged disability or his attorney's indication of intent to file

---

[1] The deadline to *file* dispositive motions was September 4, 2025 (*see* ECF No. 97), but that deadline is no longer operable since neither party requested a dispositive motion hearing by the August 11, 2025 deadline to *schedule* the motions hearing (*see* ECF No. 102).

a motion to withdraw. More than a year ago, on August 8, 2024, Mr. Randle filed a motion to extend the pretrial schedule by six months, stating that he had finally found an attorney "willing to take the case provided discovery [was] reopened." (ECF No. 76 at 2.) Based on that representation, the Court granted that motion, and his current counsel entered an appearance. (ECF Nos. 84, 85.) Mr. Randle has therefore had sufficient opportunity to complete discovery with the assistance of counsel. At this late hour in the proceedings, the Court does not find good cause to reopen any of the expired deadlines again. However, based on the representations in Mr. Randle's Motions and letter, the Court finds good cause to extend the trial ready date by 45 days. For these reasons, the Court grants in part and denies in part the Motion for Continuance.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings here, **IT IS HEREBY ORDERED** that:

1. Plaintiff Darien Randle's *Motion for ADA Accommodations and Notice of Impairment* (ECF No. 103) is **DENIED**; and

2. Mr. Randle's *Motion to Extend Deadlines Due to Disability and Late Discovery* (ECF No. 105) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. The ready for trial date is extended to **January 20, 2026**;

   b. All other deadlines remain in full force and effect.

Dated:  August 29, 2025                    *s/ Dulce J. Foster*
                                           Dulce J. Foster
                                           United States Magistrate Judge